### HEMPSTEAD COUNTY v. WILSON.

### Opinion delivered May 31, 1920.

1. APPEAL AND ERROR—EVIDENCE NOT BROUGHT UP.—Where a bill of exceptions refers to certain documentary evidence which is not copied therein, it will be assumed that it tended to sustain the judgment appealed from.

2. SAME—OBJECTION NOT RAISED BELOW.—Where no objection was raised in the trial court that a claim against a county was not itemized, as required by Kirby's Digest, § 1454, the objection can not be raised on appeal.

Appeal from Hempstead Circuit Court; *George R. Haynie,* Judge; affirmed.

*U. A. Gentry,* for appellant.

The claim was not in proper form and not itemized as required by law and the evidence did not support the finding and judgment against the county. Kirby's Digest, § 1454; 51 Ark. 524; 50 *Id.* 431.

*Steve Carrigan,* for appellee.

No objection was raised that the claim was not itemized. The claim referred to the pages of the fee book and was properly before the county and circuit court. 70 Ark. 607. This case settles the question against appellant's contention and the findings should be sustained.

McCULLOCH, C. J. Appellee Wilson is county clerk of Hempstead County and filed a claim for fees against the county in the following form:

"Washington, Ark., April 28, 1919.
"County of Hempstead:
        To John L. Wilson, County Clerk, Dr.
"Services in and about county court, fee book J,
        pages 165 and 166........................................................$133.05"

An affidavit in statutory form was attached to the claim. The county court allowed $99.15 of the claim, but refused to allow the balance, and appellee prosecuted an appeal to the circuit court where on a trial anew the claim was allowed in full.

It is contended that there was not sufficient evidence to sustain the judgment. Mr. O. C. Bailey, the clerk of the circuit court, was introduced as a witness and testified concerning appellee's fee bill, and as to the method of making out circuit court fee bills. It appears from the testimony that the fees of appellee were based upon services performed with reference to the fee bills approved by the circuit court and filed with the county court for allowance. The testimony of Mr. Bailey, as set forth in the bill of exceptions, showed that he testified from the itemized circuit court fee bills and they constituted a part of the evidence in the case, but they were not copied in the bill of exceptions. We must assume therefore that those fee bills had some probative force in establishing appellee's claim in connection with the testimony of Mr. Bailey.

It is also contended that appellee's claim was not presented in proper form, in that it was not itemized as required by statute, which provides that "the county court shall require an itemized account of any claims presented to them for allowance, sworn to as required by the preceding section, and may, in all cases, require satisfactory evidence, in addition thereto, of the correctness of the account, and may examine the parties and witnesses on oath, touching the same." Kirby's Digest, § 1454.

Appellee's claim, as filed, did set forth the pages of the fee book in the office of the county clerk for the specification of the items. No objection to the sufficiency of the specification of the items was made in the court below, and it is too late to raise that question here for the

first time. If objection had been made on that point, the court could have permitted amendment. We are of the opinion therefore that there are no grounds for a reversal of the judgment and the same is affirmed.